IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN  DISTRICT OF TEXAS
DALLAS  DIVISION

CLINTON SHELTON                          )
                                         )
V.                                       )          3-05-CV-763-N
                                         )
DOUGLAS DRETKE, Director,                )
Texas Department of Criminal Justice     )
Correctional Institutions Division       )

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of  the District Court in

implementation thereof, the subject cause has previously been referred to the United States

Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as

evidenced by his signature thereto, are as follows:

**Type Case:**  This is a petition for habeas corpus relief brought by a state inmate  pursuant

to 28 U.S.C. § 2254.

**Parties:**  Petitioner is an inmate confined at the Allred Unit of the Texas Department of

Criminal Justice, Correctional Institutions Division at Iowa Park, Texas, serving convictions for the

offenses of murder and aggravated assault.

The Respondent is the Director of the Texas Department of Criminal Justice, Correctional

Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of murder and the offense

of aggravated assault as charged in the indictments returned in Cause Nos. F-00-418997-PN and F-

00-41896-PN, respectively, Shelton was tried by a jury which returned verdicts of guilty and

thereafter assessed punishment at a term of life imprisonment and a term of twenty years imprisonment. A fine of $10,000.00 was also assessed in each case.

Petitioner appealed his convictions and on July 25, 2002, the Eleventh Court of Appeals at Eastland issued its opinion affirming each conviction. Shelton filed a petition for discretionary review which was refused on January 29, 2003.

Petitioner filed two art. 11.07 applications attacking his convictions.[1] On January 19, 2005, the Texas Court of Criminal Appeals denied each application on the findings of the trial court without a hearing. See No. WR-58794-01 [No. F-00-41897-N(A)] and No. WR-58794-02 [No. F-00-41896-N(A)], at cover. Thereafter Shelton filed his § 2254 petition in the Wichita Falls Division, after which it was transferred to the Dallas Division in which the convicting state court is located.

## FINDINGS AND CONCLUSIONS:

1. **Petitioner's requests to expand the record.** Before addressing the grounds asserted in the petition it is both relevant and necessary to address Shelton's requests to expand the record. In his initial pro se filing Shelton attached a list of exhibits to his § 2254 petition. On April 21, 2005, a subsequent pleading was filed entitled "Plaintiff's (sic) Addendum to Exhibit List." Finally, Petitioner, through his retained counsel, filed a motion to expand the record under Rule 7 of the Rules Governing § 2254 Proceedings on August 2, 2005, with an appendix of additional exhibits which he requests to be included in the record. In his answer filed on July 25, 2005, Respondent stated that he did not object to items which were in the State court record, but opposed expansion of the record to include documents and things which were not before the State courts. In

---

[1]Although Shelton filed two applications, the contents of the same are identical in all respects including the recommended dispositions signed by the State trial judge.

conjunction with his answer Respondent has also submitted copies of all papers, pleadings, the trial court statement of facts and exhibits, appellate briefs and Shelton's art. 11.07 proceedings.

With respect to the documents listed in Petitioner's pro se initial submission of exhibits the State specifically objected only to Exhibits 5, 6, 13, 20 and 30. The remainder of the exhibits are part of the record which has already been submitted in the State court records and as to these records Petitioner's motion is moot.[2]

In his second exhibits submission, i.e. addendum, filed on April 21, 2005, with the exception of Exhibit 3 and Exhibit 6[3] the documents also are part of the record which Respondent has provided.

In the August 2, 2005, Rule 7 motion Petitioner's counsel incorporates by reference the 31 numbered exhibits designated in Shelton's March 17, 2005, filing supplemented with an additional 74 designated exhibits. See Appendix Vol. 1 at pages 3-8.

Although it is difficult to correlate Exhibits 32 through 35D with the exhibits admitted at Shelton's trial, the fact that they were reproduced from the State court records in his criminal case demonstrates that they are part of the trial court record containing the exhibits admitted into evidence in his criminal trial.

The next grouping of documents, Exhibits 36A through 36F, purport to be billing records for a portion of calls placed from a designated telephone number and associated documents. None is contained in the State court record produced in this case. The next group of documents, Exhibits

_____

[2]Petitioner's Exhibit 20, Stephen Riddle's statement is also a part of the record submitted by the State. See Respondent's Record, Vol. 10, Exhibits, State's Exhibit 11.

[3]The numbered documents in this submission are not the same as the numbered documents in Shelton's initial submission.

37A through 37F, designated as BFI Records, appear to have been obtained or generated with respect to proceedings in <u>Hierro v. Shelton</u>, Cause No. 01-10618-K, a civil lawsuit filed in Dallas County, Texas.

Exhibits 39A through 39N consist of pleadings, deposition and trial testimony in Cause No. 01-10618-K.  With the exception of Exhibit 39N - medical records of Marisa Hierro, admitted into evidence in Shelton's criminal trial, none of these exhibits is a part of the record before the state courts in his direct appeal or collateral proceedings.  In fact, as noted in the appendix, the witness testimony of five of the persons listed in this category has not yet been transcribed.

The next series of exhibits, i.e. 40A through 40K, in the main come from records which have been submitted by Respondent.  Specifically Exhibits 40A, 40B, 40E, 40F, 40G and 40I are part of the state court record.  Exhibit 40D, the investigative notes of Jimmy Patterson, is not a part of the state record.[4]  The search warrant and affidavit filed and issued in Denton County, Texas (Exhibit 40C) is not a part of the state court record.  Although Shelton has submitted the transcript of Jimmy Patterson's grand jury testimony (Exhibit 40H) in an electronic format, it is not a part of the state court record, nor is the grand jury testimony of Margaret McHaffey (Exhibit 40K) which appears not to have yet been produced in any format.

The next category of documents, the Hierro Materials (Exhibits 41A through 40U), are concededly not a part of the state court record nor are the remaining exhibits listed in Petitioner's Appendix (Exhibits 42A - 42D).

---

[4]At Shelton's trial, the court required the prosecution to provide his counsel with Patterson's investigative notes prior to counsel's cross examination of Marissa Hierro.  <u>See</u> Reporter's Record, Vol. 5 at 228.  However, the notes were not offered as an exhibit, nor are they a part of the state record.

In addressing Petitioner's motion to expand the record there are a number of salient factors which inform the court's decision.  It is well-established that before presenting a ground for relief in a § 2254 petition, a state prisoner must have exhausted available state remedies.  See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982).  As the Supreme Court observed in Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2555 (1991): "[The] exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's (sic) federal rights."

In his motion to expand the record filed on August 2, 2005, by his counsel of record in this petition  Shelton contends that the records which he seeks to add to the record relate to his sixth, ninth and tenth grounds set out in his respective art. 11.07 applications.  Ground six contends that the affidavit for a search warrant for the residence of Petitioner and his wife contained false and misleading evidence.  Ground nine claims that the trial court erred in failing to provide funds to hire independent experts.  Ground ten alleges that the prosecution team engaged in prosecutorial misconduct, including claims that the prosecution knowingly presented perjured testimony in its case-in-chief and withheld exculpatory materials.  See No. WR-58794-02, at 12-18.

In support of his ground number six in his art. 11.07 applications Petitioner identifies specific alleged false statements in the affidavit for the search of his residence in Denton County and in a conclusory fashion  states that his attorney in his federal petition has a deposition which refutes at least one statement in the affidavit.  He again discussed this issue in his Answer to State's Last Response to Application for Writ of Habeas Corpus, which was dated May 20, 2004 - after the trial court's proposed findings of fact and conclusions of law were signed - and which was received by the Texas Court of Criminal Appeals on May 24, 2004, prior to that court's denial of his art. 11.07

application.  Id. at page 11.  Neither the search warrant nor the supporting affidavit was made a part

of the record of trial proceedings.  Aside from Shelton's conclusory claims of falsity, he presented

no evidence or corroborating statements or declarations in support of this ground.

His ninth ground consists of a subjective attack on the expert testimony presented at trial and

states that his attorney and another expert developed alternative theories in a civil action, No. 01-

10618-K filed in a Dallas County civil court.  However, no record of this other expert, Edward E.

Hueske, is in the art. 11.07 record.  See  No. WR-58794-01, at 11.  His answer received by the Court

of Criminal Appeals on May 24, 2004, at 14 adds no evidentiary support for this ground.

In his tenth ground for relief, see No. WR 58794-02 at 13-18, Petitioner levels numerous

allegations against the prosecution team, including claims that the State sponsored known false

testimony by its witnesses and that exculpatory evidence was withheld.  Although the application

identifies specific passages in the trial record which he claims were false, he presented the state

courts with nothing to demonstrate that such testimony was false.  Similarly, aside from his bald

assertions that the State withheld exculpatory materials, he presented nothing to establish that such

materials were in the State's possession, nor did he provide the state courts with copies of alleged

undisclosed materials.  He did allude to a final judgment in No. 01-10618-K, supra, but did not

provide a copy of the same.  His answer, received by the Court of Criminal Appeals on May 24,

2004, re-addresses this issue at 15-25.  His answer again refers to matters in the civil suit, No. 01-

10618-K, in greater detail, but fails to  include anything from that proceeding which supports his

"sponsored perjury" or suppression of exculpatory evidence claims.

Ineffective assistance of counsel is the most frequently asserted claim presented by prisoners

seeking habeas corpus relief.  Close behind are claims of State-sponsored perjury, particularly where

the habeas petitioner presented evidence at trial which contradicts that presented in the prosecution's case-in-chief.  However, the mere assertion of an unsubstantiated claim for relief has long been held in this Circuit not to raise a cognizable basis for habeas corpus relief.  See e.g. Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983); Lincecum v. Collins, 958 F.2d 1271, 1280 (5th Cir. 1992).  As noted above, Shelton's sixth, ninth and tenth grounds raised in his art. 11.07 applications are not supported nor corroborated by any exhibits or third-party declarations or affidavits.

In addition Shelton's petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  The AEDPA imposed substantial limits on a federal court's authority to grant habeas corpus relief to state prisoners.  For example, prior to implementation of the Act, federal courts were free to review decisions of state courts de novo and to apply circuit court precedents which addressed issues presented by habeas petitioners.  However, the AEDPA limits consideration to decisions of the United States Supreme Court.  See § 2254 (d)(1) and relief can be granted only if the state court's decision constitutes a contrary or unreasonable application of Supreme Court authority.  See, e.g. Yarborough v. Gentry, 540 U.S. 1, 124 S.Ct. 1 (2003).

A second and more relevant limitation which the AEDPA imposes is the fact that in reviewing facts found by the state court, a federal court may address the reasonableness of such findings only "in light of the evidence presented in the State court proceeding." § 2254 (d)(2).

In his motion to expand the record filed on August 2, 2005, Petitioner cites various cases which he claims supports expansion of the record.  However, none addresses specifically § 2254(d)(2), except for the opinion in Guidry v. Dretke, 397 F.3d 306, 324-25 (5th Cir. 2005), wherein the panel opinion noted that (d)(2) was not an issue before the court on appeal.  The

determination was reiterated in the published opinion denying the petition for rehearing en banc. See 429 F.3d 154,  158, 160-161 (5th Cir. 2005).  The dissenting opinion, joined by seven judges, argued otherwise.  Id. at 163-164.

Recently in Miller-El v. Dretke, ___ U.S. ___, 125 S.Ct. 2317, 2325 (2005), the Court expressly recognized that the petitioner "may obtain relief only by showing the Texas [court] conclusion to be an 'unreasonable determination of the facts in light of the evidence presented in the State court proceeding'.  28 U.S.C. § 2254 (d)(2)."  In Miller-El the State raised no objection to the receipt of additional information by the federal district court or by the Fifth Circuit and neither side referred to § 2254 (d)(2) in its arguments.  Id. at 2334, n. 15.  The Court decided not to address whether the provisions of §2254 (d)(2) could be waived by a § 2254 respondent.  Id.[5]  Although issue was joined by Justice Thomas as to whether the record considered by the majority went beyond that before the state courts, id. at 2344, there appears to be no dispute that a federal court is bound by the limitations imposed by (d)(2) in considering claims asserted in a § 2254 petition, absent satisfaction of an exception set out in § 2254 (e).  Respondent's reliance on cases which are silent in addressing § 2254(d)(2) or in the Guidry case where the court expressly found that this provision was not raised does not support his claim that the record can or should be expanded.  To the contrary, the Fifth Circuit has held that in spite of a federal evidentiary hearing a federal habeas

---

[5]Although Respondent did not file an additional objection to Shelton's August 2, 2005, motion, he made abundantly clear in his answer filed on July 25, 2005, that all additions which were not a part of the State record were opposed.

court is required to assess the reasonableness of State court findings based on the record before the State court. <u>See</u> <u>Goodwin v. Dretke</u>, 150 Fed. Appx. 295, 300 (5th Cir. 2005).[6]

§ 2254 (e)(1) creates a presumption of correctness to the facts found by the state court. The trial court's findings on which the Court of Criminal Appeals denied relief addressed each of Shelton's claims. <u>See</u> WR-58794-01, at 121-126. Petitioner complains of the use of a master in assisting the trial court. This procedure is a matter of state law and does not rebut the presumption of correctness. <u>See</u> <u>Nichols v. Scott</u>, 69 F.3d 1255, 1275 (5th Cir. 1995) (collecting cases). He also complains that controverted issues of fact were determined without conducting an evidentiary hearing. This Circuit has repeatedly upheld State court collateral proceedings in which findings are based upon affidavits. <u>See e.g.</u> <u>Lincecum v. Collins</u>, 958 F.3d 1271, 1279 (5th Cir.) <u>cert. denied</u> 506 U.S. 957, 113 S.Ct. 417 (1992). In attempting to rebut the presumption of correctness a petitioner must make his showing predicated on the state court record, i.e. pursuant to the limitations imposed by § 2254 (d)(2). As noted above, Shelton presented no support in his art. 11.07 applications on the grounds on which he seeks an expansion of the record except for his own statements.

§ 2254 (e)(2) prohibits a federal habeas court from conducting an evidentiary hearing except under specifically enumerated circumstances. Subsection (2)(A)(i) has no application in this case. Shelton argues that he sufficiently attempted to develop the factual bases for his claims asserted in his sixth, ninth and tenth grounds for relief in State court, citing <u>Michael Williams v. Taylor</u>, 529 U.S. 420, 432, 120 S.Ct. 1479 (2000) ("Under the opening clause of § 2254 (e)(2), a failure to

---

[6]In the magistrate judge's opinion § 2254(d)(2) obviates the necessity of engaging in the oft-times difficult task of determining whether evidence, not presented to the state court, constitutes material <u>additional</u> evidence (unexhausted) or <u>supplemental</u> evidence which does not fundamentally alter the legal claim presented (exhausted) as addressed in the Supreme Court's pre-AEDPA decision in <u>Vasquez v. Hillery</u>, 474 U.S. 254, 106 S.Ct. 617 (1986).

develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."). However, Shelton's art. 11.07 applications relied exclusively on his personal beliefs, excerpts from the testimony at trial and his references to matters which took place in a civil lawsuit.

The civil suit identified in Shelton's art. 11.07 application was between Marissa Hierro, the wife of the decedent in the murder case and victim in the aggravated assault case, and Catherine Shelton, Petitioner's wife. See e.g. Petitioner's Appendix, Exhibits 39A and 39B.[7] The action was commenced upon the filing of Hierro's and others' original petition on December 10, 2001. The civil case concluded with the entry of a final judgment on August 25, 2003. Petitioner's Appendix, Exhibit 39D. Marissa Hierro non-suited her claims against Catherine Shelton on August 15, 2002. Catherine Shelton was represented in the civil action by James M. Murphy, Petitioner's present counsel of record. The judgment in the civil action was entered more than five months before Petitioner filed his art. 11.07 applications. Clearly he was aware of the disposition of the civil action as evidenced by his reference to the same in his habeas applications. By and large the exhibits which he now seeks to add to the habeas corpus record relate to matters which were obtained or discovered in the civil case prior to the judgment. His failure to submit excerpts from depositions, exhibits obtained in the course of the civil proceedings and/or affidavits or declarations of other persons describing the same as part of his state habeas applications demonstrates a clear absence of due diligence at best and a deliberate withholding of relevant materials at worst.

---

[7]Although Catherine Shelton was never indicted for either criminal offense, Ms. Hierro testified in Petitioner's criminal trial that Catherine Shelton was also present on the night of the offenses and aided and abetted Petitioner in committing the crimes.

From time to time issues arise as to what evidence should be considered by a state court in addressing claims in collateral proceedings. E.g. Compare Miller-El, supra, ___ U.S. ___, l25 S.Ct. at 2326, n. 2 (majority opinion) with 125 S.Ct. at 2347 (Thomas, J. Dissenting); see also Boyco v. Parke, 259 F.3d 781 (7th Cir. 2001) (allowing the court allowed the state court record to be expanded to include a transcript of a juvenile waiver hearing held in his case before he was transferred to state court to be tried as an adult).  As distinguished from those circumstances, Petitioner's only attempt to bring to the attention of the state courts allegedly relevant material to his habeas claims was his conclusory references to the civil case.

As noted above, conclusory and uncorroborated claims of federal constitutional violations are not cognizable.  A state court is not obligated to peruse papers and pleadings in a civil action in which neither the petitioner nor the State was a party in an effort to find evidence which supports a petitioner's claim.[8]

For the foregoing reasons it is recommended that the District Court enter its order denying Petitioner's Motion to Expand the Record to include those exhibits which are not a part of the State court record except for Exhibit 30[9] and dismiss the motion as it pertains to materials and exhibits which are a part of the Sate court record, the same being moot.

---

[8]It is questionable whether any of the exhibits or depositions taken in the civil case would have been available within the files of the 192nd Judicial District Court.  Clearly those exhibits which have not yet been transcribed would not have been available for consideration by the state courts under any circumstances.  See e.g. Defendant's Appendix, Exhibits 39G, 39H, 39I, 39L and 39M.

[9]Petitioner's Appendix, Exhibit 30 consists of the arrest warrant which was signed signed by a state district judge in Dallas County and supporting affidavit.  As such, although not contained in the State court record, it was reasonably available to the trial court when considering Shelton's art. 11.07 applications.  However, for the reasons noted infra, this exhibit is irrelevant to determination of any issue in the § 2254 petition.

11

It is further recommended that the District Court deny Petitioner's Motion for Leave to Conduct Discovery because Shelton has failed to demonstrate that the court may conduct an evidentiary hearing on the claims asserted in his § 2254 petition.

> **a.     The grounds presented in the § 2254 petition.**

In his first ground for relief Shelton alleges that perjured materials were relied upon in the trial court's findings of fact in his art. 11.07 applications.  Specifically he attacks the veracity of affidavits filed by his former attorneys in his applications and other findings made by the trial court. Finally he complains of the trial court's utilization of a master to address claims raised.  Although in appropriate circumstances the state court findings in collateral proceedings may be rebutted, see § 2254(e)(1), infirmities or deficiencies in state court collateral proceedings are not cognizable in a § 2254 petition.  See e.g. Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) (collecting cases). Moreover, a state habeas court may resolve contested issues of fact on affidavits without an evidentiary hearing.  See e.g. Smith v. Estelle, 711 F.2d 677, 681 (5th Cir. 1983) cert. denied 466 U.S. 906, 104 S.Ct. 1685 (1984).

In his second ground for relief Shelton complains of conduct in which the prosecutors engaged.  Specifically he claims that the prosecution sponsored perjured testimony and falsely represented the investigation of the case in the assistant district attorneys' closing arguments.

The knowing use of false testimony to obtain a conviction violates the due process clause of the Fourteenth Amendment.  Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173 (1959).  Perjured testimony is that which is knowingly false and does not include mere inconsistencies in a witness's prior statements and the witness's statements made at trial under oath.  See Koch v. Puckett, 907

F.2d 524, 531 (5th Cir. 1990).  The allegations in the petition do not demonstrate that the witnesses identified in his second ground testified falsely.[10]

Shelton further claims that the State withheld exculpatory evidence, specifically Marissa Hierro's drawing of the mask worn by the male assailant and the BFI route sheets.  As to the latter, there is no evidence in the State record establishing that the route sheets were ever in the State's possession.  As to the former, the testimony of Detective Jimmy Patterson provides some support to establish the existence of and possession of the drawing by the State.  See Reporter's Record Vol. 6 at 219-20.   Patterson described the drawing as showing two holes in the mask.  Assuming arguendo that the State had the drawing in its possession, Petitioner has failed to show that he is entitled to relief.  The failure to disclose impeaching evidence constitutes constitutional error only if it deprives a defendant of a fair trial, i.e. the suppression undermines confidence in the outcome. United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375 (1983).  Although the drawing itself was not presented to the jury, it was described in sufficient detail to allow the jury to consider its description in assessing the weight and credibility of other evidence which conflicted with the "two hole" mask drawing.  Accordingly Petitioner was not deprived of a fair trial.

Insofar as he complains of the prosecutors' closing arguments in the punishment phase, the arguments cited in the petition and set out in the record fall far short of demonstrating that their

---

[10]The magistrate judge has also reviewed Shelton's art. 11.07 applications in which the substance of his second ground is presented, i.e. Ground No. 10. Both his petition and applications refer to matters in the civil suit, No. 01-10618-K which for the reasons set out above may not be considered in addressing the claims raised in his § 2254 petition.  Moreover, since the civil action was not filed until more than a year after his trial  was concluded, such materials cannot establish that which was known to the prosecutors at the time of his criminal trial.  Since Shelton has not shown knowing use of perjured testimony, his Napue argument fails.

arguments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. De Christoforo, 416 U.S. 637, 94 S.Ct. 1868 (1974).

In his third ground for relief Petitioner alleges that he was denied the effective assistance of counsel by two of his attorneys, Tom Lambright and John Young.[11]

Claims of ineffective assistance of counsel are governed by the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). Strickland establishes a two-prong test. A defendant must show that his counsel's conduct fell below the Sixth Amendment standards and must further show that such deficient performance resulted in prejudice to the defense. Failure to establish either prong forecloses relief. Moreover, there exists a strong presumption that his attorneys' conduct fell within the broad range of reasonable professional assistance under the Sixth Amendment.

With respect to Shelton's ineffective assistance of counsel claim against Lambright it is clear that he raised the claim in his art. 11.07 applications. See e.g. No. WR-58794-02, at 32. A supplemental response was filed to this claim, id. at 66-68 and an affidavit executed by Tom Lambright on March 22, 2004, was made a part of the State habeas record. Id. at 121. However, the trial court did not address this claim in its findings and conclusions. Accordingly, this court may make a de novo review of this exhausted, but unaddressed claim.

Shelton claims that Lambright was ineffective in failing to obtain an examining trial, the Texas state counterpart to a preliminary hearing pursuant to Rule 5.1, Federal Rules of Criminal Procedure, in a federal criminal proceeding. However, the right to such a pre-indictment hearing

---

[11]The record reflects that Shelton was represented by at least three attorneys through the completion of his criminal trial and by an appointed counsel on appeal who was ultimately replaced by his retained appellate counsel, David L. Botsford.

in either jurisdiction terminates upon the return of a bill of indictment. In the case of this claim it is unnecessary to consider the cause prong of the <u>Strickland</u> test because Petitioner has failed to prove he suffered any prejudice. Therefore, he is not entitled to relief.

The ineffective assistance of counsel claim brought with respect to his trial counsel's representation is different in that the State court expressly addressed Mr. Young's representation. In addition to the strong presumption of competence which applies to ineffective assistance of counsel claims, a habeas court is not allowed to assess an attorney's performance in hindsight, but must limit its consideration to examining his actions at the time such acts or omissions occurred. <u>Strickland</u> 406 at 689, 104 S.Ct. at 2065. Further, a criminal defendant is not entitled to errorless counsel.

In the more than three years between the conclusion of his criminal trial and the filing of his art. 11.07 applications, and subsequent to Young's withdrawal as his counsel of record on January 9, 2001, Shelton conjured up numerous instances of alleged incompetence on the part of Young. <u>See e.g.</u> No. WR 58794-01, at 18-24. In addressing the claims the trial court requested and obtained the affidavit of John Young in which he responded to Petitioner's claims. <u>Id.</u> at 72-116. The affidavit is extremely detailed in identifying each of Shelton's allegations and in responding to each. In its findings the trial court found that the statements in Young's affidavit were worthy of belief and that the same were true, correct and dispositive of Petitioner's ineffective assistance of counsel claims against Young. <u>Id.</u> at 121, et seq at 123-124 ¶¶ 1 and 2.[12] Shelton reiterated his claims against Young in the instant § 2254 petition.

_____

[12]As noted above at n. 1, the same allegations were made against Young in No. WR 58794-02, the same affidavit of Young with attachments was filed in that action and the same findings were made by the trial court.

In the nearly 27 years during which the undersigned has reviewed § 2254 petitions, Mr. Young's affidavit, on which the Texas courts relied in denying relief on this ground, is perhaps the most thorough and detailed response to a state prisoner's ineffective assistance of counsel claim. The undersigned has carefully reviewed Mr. Young's affidavit which discloses that Young addressed each of Shelton's allegations and explained his actions and the reasons therefor. The magistrate judge notes that he identified circumstances which, in retrospect, he might have handled differently. However, it is a rare attorney who upon reflection, is unable to discern different alternatives which <u>might</u> have produced a more successful result. But the Sixth Amendment does not require errorless counsel, nor may the attorney's conduct be assayed using the benefit of 20-20 hindsight.

In light of the presumption of correctness which applies to state court findings of fact and the limitations which the AEDPA imposes on a federal court's authority to review decisions of state courts, <u>see e.g.</u> <u>Yarbrough v. Gentry</u>, <u>supra</u>, I find no reason to address each individual claim directed against Shelton's trial attorney. Suffice it to say that Petitioner has failed to demonstrate that the Court of Criminal Appeals' decision denying relief constitutes an unreasonable application of the Supreme Court's decision in <u>Strickland v. Washington</u>. <u>See</u> § 2254(d)(1).

Shelton also complains of his appellate counsel's representation. <u>See</u> petition at page 12. Aside from the conclusory nature of his allegations there was nothing in the record on which the claims which Shelton states that his counsel should have raised could have been based.

In his fourth ground Shelton alleges that a four-page document which he wrote was seized in violation of his rights under the Fourth Amendment. This issue was raised at trial and in his direct

appeal.  Consideration of the claim in a § 2254 proceeding is foreclosed by the United States Supreme Court's decision in Stone v. Powell, 428 U.S. 465, 494 (1976).

His fifth ground is simply a variation of his fourth ground.  Since the contents of the documents were not obtained by law enforcement agents while he was in custody, no Fifth Amendment issue is presented.

His sixth ground attacks the contents of the affidavit on which the warrant for his arrest was issued.[13]  Since the claim was never raised at trial, he is barred from raising it for the first time in a collateral proceeding under the Texas contemporaneous objection rule.  See Jackson v. Johnson, 194 F.3d 641, 652 (5th Cir. 1999).  Moreover, even if consideration of the claim were not barred, Petitioner has not shown that the State presented any evidence at trial which was obtained in connection or contemporaneously with execution of the arrest warrant.

Shelton's seventh ground alleges similar attacks on the affidavit which was used to obtain a search warrant for the house where he and his wife resided.  Stone v. Powell, supra, forecloses consideration of this ground on the merits.  Further, the retrieval of the four-page handwritten document was not obtained pursuant to the search warrant, but rather was obtained as a result of the consent given by his wife to copy the document which was in plain view.  See Shelton v. State, App. Nos. 11-01-00056-CR and 11-01-00057-CR, Eleventh Court opinion delivered on July 25, 2005, at pages 5-6.

Petitioner's eighth ground complains of the trial court's failure to grant a hearing on his post-verdict motion for new trial. § 2254(a) and (d)(1) make it abundantly clear that only rights under Federal law as established by the Supreme Court of the United States are cognizable in a § 2254

---

[13]See Petitioner's Appendix, Exhibit 30, supra, at page 11.

17

petition. There is no federal right to a hearing on a criminal defendant's post-trial motion for new trial.  The proper application of state procedural law is reserved to the state judicial system and Shelton's eighth ground fails to present a basis for relief under § 2254.[14]

In his ninth ground for relief Petitioner appears to raise a claim of attorney-client privilege to the four-page document which was copied at his residence.   This ground is patently frivolous.  Shelton concedes in his petition that the document was prepared for the benefit of his wife's attorney.  There was no attorney-client relationship between himself and Mr. Taylor.  Therefore, Shelton had no privilege to assert.  It is also well-settled that the attorney-client privilege can be waived.  Assuming <u>arguendo</u> that Catherine Shelton could have raised an attorney-client privilege with respect to the handwritten document, the record establishes that she waived any protection which the privilege might otherwise have given by consenting to its copying by law enforcement officers.  <u>See</u> <u>Shelton v. State</u>, <u>supra</u>, opinion at pages 5-6.

In his tenth and eleventh grounds for relief Petitioner complains of evidentiary rulings of the trial court, i.e. the testimony of Marilyn Langston and a photograph of a service sticker affixed to the portable toilet from which a mask containing his DNA was recovered.  He does not identify any United States Supreme Court decision which has addressed the types of evidentiary issues involved in the testimony of Ms. Langston or the "best evidence" rule, or which has questioned or held that the admission of such types of evidence constitutes a violation of a criminal defendant's federal constitutional rights.  <u>See</u> 28 U.S.C. § 2254 (d)(1).

---

[14]The Eleventh Court found that Shelton's motion was deficient under state law because it did not include an affidavit.  <u>Shelton v. State</u>, <u>supra</u>, at pages 6-7.  In his affidavit Young explained his inability to obtain the required affidavit.  <u>See</u> No. WR 58794-01, at 100-101.

The Eleventh Court of Appeals rejected Shelton's point of error with respect to Ms. Langston's testimony, finding that her statement was admissible under Texas Rule of Evidence 803(e), the State analogue  to Rule 803(3), Federal Rules of Evidence.  <u>See</u> No. 11-01-00056-CR, opinion at page 3.  The court further noted that Shelton himself told Langston on the same occasion that if Marissa Hierro showed up on the property she would not leave.  Further, Ms. Langston's testmony was cumulative of the testimony of Marissa Hierro as to threats made by Catherine Shelton, to which  no objection was made.  <u>See</u> Reporter's Record, Vol. 5 at 188 (Testimony of Marissa Hierro).

The Eleventh Court also rejected Petitioner's contention on appeal that the trial court erred in admitting a photograph of the service sticker which was affixed to the portable toilet.  No. 11-01-00056-CR, opinion at page 4.  At trial defense counsel raised a "best evidence" objection.  After concluding that the sticker could not be removed and that the portable toilet was located in a warehouse, the trial court allowed the prosecution to prove up the authenticity of the photograph and admitted the photograph into evidence.  <u>See</u> Reporter's Record, Vol. 4 at 120-123.

Under the pre-AEDPA decisions of this Circuit an erroneous evidentiary ruling by a state trial court is not cognizable as a basis for federal habeas corpus relief unless the evidence was material in the sense that it was crucial, critical and highly significant.  <u>See e.g.</u> <u>Porretto v. Stadler</u>, 834 F.2d 461, 465 (5th Cir. 1987) (collecting cases).  Shelton has failed to prove that either evidentiary ruling by the trial court rendered his trial fundamentally unfair, or even  erroneous.

In his twelfth ground Petitioner alleges that the trial court erred in refusing to provide funds to hire an expert.  Although Shelton originally received court-appointed counsel, <u>See</u> No. 11-01-057-CR [F 00-41897-PN] Clerk's Record 08, Hugh Lucas was granted leave to withdraw on August 28,

2000.  Id. at 83.   On September 20, 2000, John S. Young, Petitioner's retained counsel, was

substituted.  Id. 84-86.  Thereafter Young filed a motion for appointment of an investigator, id. at

98-99, and a motion for appointment of a forensic expert, Id. at 189-190.  No disposition of these

motions appears in the record.  There is no constitutional right requiring government expenditure

of funds for the benefit of criminal defendants generally.  Rather, the right arises only in the case

of indigent defendants.   Art. 26.05(h), Texas Code of Criminal Procedure, provides for

reimbursement of expenses designated by appointed counsel.  The federal Criminal Justice Act, 18

U.S.C. § 3006A (e)(1), follows a parallel procedure when a defendant is represented by court-

appointed counsel.  In Shelton's case it is clear that Young appeared not as court-appointed counsel,

but as a retained attorney.  Therefore, he was not entitled to the services of an expert at State

expense.[15]

The remaining grounds presented in the petition, Grounds thirteen, fourteen and fifteen,

appear to be nothing more than reiterations of portions of his prior grounds.  None raises a colorable

basis for habeas corpus relief pursuant to 28 U.S.C. § 2254.

**RECOMMENDATION:**

For the foregoing reasons it is recommended that the District Court grant Petitioner's motion

to expand the record to include his designated Exhibit 30, but as to the remainder of his motion that

the same be denied because the proposed exhibits were not within the evidence presented in his State

---

[15]Mr. Lambright who represented Shelton at a meeting in the United States
Attorney's office in February 2000 was a retained attorney, followed by Mr. Lucas who was
court-appointed, followed by Mr. Young who was retained.  Allan Fishburn was court-appointed
to represent Petitioner in his direct appeal.  However, Fishburn was ultimately allowed to
withdraw when David Botsford was retained as Shelton's appellate counsel.

court proceedings, See § 2254 (d)(2) and insofar as his motion seeks to include exhibits which Respondent has produced in this action, his motion is moot.

It is further recommended that Petitioner's motion for discovery be denied, and

It is further recommended that for the reasons set out above Petitioner has failed to satisfy either § 2254(d)(1) or § 2254(d)(2) and therefore his petition should be denied on the merits.

A copy of this recommendation shall be transmitted to counsel for the parties.

SIGNED this 9th day of February, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.